**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT BISHOP, individually and on behalf of all others similarly situated, | No. 14-15986 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-02621-EJD |
| v. | MEMORANDUM[*] |
| 7-ELEVEN, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Scott Bishop, a consumer of 7-Eleven brand potato chips, appeals the

dismissal of his second amended complaint (SAC) pursuant to Federal Rule of

Civil Procedure 12(b)(6).  We have jurisdiction under 28 U.S.C. § 1291, and we

reverse.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court erred by concluding that the SAC failed to allege facts sufficient to establish statutory standing under California's unfair competition law, Cal. Bus. & Prof. Code § 17200, *et seq.*, false advertising law, Cal. Bus. & Prof. Code § 17500, and Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* At this preliminary stage of the action, Bishop sufficiently alleged actual reliance, which he was required to do under each of his theories because his claims sound in fraud. *See Kwikset Corp. v. Superior Court*, 246 P.3d 877, 888 n.9 (Cal. 2011); *In re Tobacco II Cases*, 207 P.3d 20, 39 n.17 (Cal. 2009). Bishop adequately alleged that he relied on 7-Eleven's potato chips' front of package "0g trans fat" and "no cholesterol" representations, and that he would not have purchased the chips had 7-Eleven included on the front of the package the "See nutrition information for fat content" disclosure required by the U.S. Food and Drug Administration. *See* 21 C.F.R. §§ 101.13(h)(1), 101.62(d)(i)(ii)(D); *see also Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) ("[T]he reasonable consumer standard, unlike the individual reliance requirement . . . , is not a standing requirement."). California's consumer protection statutes render statements actionable which, although not technically false, have a tendency to mislead consumers because the statements fail to disclose or direct the consumer's attention to other relevant

information.  *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); *Day v. AT&T Corp.*, 74 Cal. Rptr. 2d 55, 60 (Ct. App. 1998).

**REVERSED**.